WILLIAM SHEEHAN *vs.* RICHARD CARROLL.

Worcester.   Oct. 2, 1877. — Feb. 27, 1878.   ENDICOTT & LORD, JJ., absent.

An action of contract cannot be maintained on a state of facts which is not sufficient to authorize the finding of a contract express or implied.

SOULE, J. The plaintiff seeks to recover of the defendant certain costs and expenses incurred in a suit in equity instituted by him against the defendant and others. In the first count of his declaration, he bases his claim on an implied contract by the defendant arising out of his agreement to indemnify the plaintiff

against all charges and expenses which he might bear by reason of signing a certain promissory note as co-surety with the defendant. In the second count, he alleges a request by the defendant to him to institute the equity suit and an express promise to pay him all costs and expenses which he should reasonably incur therein.

The case was submitted to the jury under instructions that the defendant would only be liable in case of a contract, express or implied, between the parties, that the plaintiff should prosecute the suit at the expense of the defendant, and further instructions, to which no exception was taken, as to what would constitute an implied contract. The verdict was for the defendant, and the case comes before us on the plaintiff's exception to the refusal of the court to rule that "if the defendant by his original contract was bound, as between himself and the plaintiff, to pay the whole of the execution on the note, and to pay the plaintiff any sum that he might be compelled to pay thereon, and if the purpose of the bill in equity prosecuted by the plaintiff was to avoid all his liability for that debt, and there was a fair prospect that said suit would be successful for that purpose, the defendant would be liable for the reasonable expenses incurred by the plaintiff in the prosecution of that suit, if it was prosecuted with his knowledge and without objection on his part, or if he, by his acts and conduct, encouraged the prosecution of said suit, although the same would not be sufficient to authorize the jury to find a contract, express or implied, that the defendant should pay these expenses."

We are unable to discover any error in the ruling given. The foundation of the plaintiff's action is contract, and his rights were fully protected by instructions which permitted a verdict in his favor in case the jury should find such a state of facts as would make a contract to pay the expenses in question by implication, and without express stipulation to that effect. Beyond this the court could not go. The request of the plaintiff was, in substance, that the jury should be instructed to find a liability in contract on a state of facts which would not be sufficient to authorize them to find a contract, either express or implied. This request was properly refused.          *Exceptions overruled.*

*T. G. Kent,* for the plaintiff.

*G. F. Verry & F. A. Gaskill,* for the defendant.